IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-03171-RPM

TODD SPERRY,

Plaintiff,

v.

JASON T. MAES, individually, and official capacity as a detective with the Castle Rock Police Department,
GEORGE ELDER, individually, and official capacity as an officer with the Castle Rock Police Department, and
TOWN OF CASTLE ROCK, COLORADO, a municipality,

Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and

request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a. The individual Defendants' personnel files and discipline records.

3. Where Confidential Information is produced, provided or otherwise disclosed by the Parties in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request;

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony; and

    d. With respect to live testimony, by making a record at the time of the testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

    5.    Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, their undersigned counsel's employees, and self-insurance representatives, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. The Parties recognize that the available sanctions for the violation of the protective order include, but are not limited to, the sanctions available under Fed.R.Civ.P. 37(b)(2)(A).

    6.    By producing any Confidential Information or testifying on any matter later designated as "Confidential," no Party to this protective order waives any objection or challenge to the admissibility of any such Confidential Information.

    7.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may inspect the list maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10. During pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom pursuant to paragraph 9 above

11. A Party may object to the designation of particular Confidential Information by giving written notice to the attorney for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the attorney for the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with

a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall promptly return to the producing party all Confidential Information provided subject to this Protective Order or provide confirmation that all such information has been destroyed. At that time, counsel shall provide opposing counsel with the list of individuals prepared pursuant to paragraph 7 above.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

DATED this __18__ day of __May__, 2012.

BY THE COURT:

_____
Richard P. Matsch
Senior District Judge

**STIPULATED AND AGREED TO:**


s/ Eric M. Ziporin
*Eric M. Ziporin*
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
E-mail: eziporin@sgrllc.com
*Attorneys for Jason T. Maes, George Elder,
and the Town of Castle Rock*


s/ Jonathan Willett
*Jonathan Willett*
LAW OFFICES OF JONATHAN S. WILLETT
1331 17th Street, Suite 608
Denver, Colorado 80202
Telephone: (303) 832-5648
Facsimile: (303) 832-7813
E-mail: jwillett@willettlaw.net
*Attorney for Plaintiff*

# AFFIDAVIT

STATE OF COLORADO  )
                   )ss
COUNTY OF          )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in *Sperry v. Town of Castle Rock, et al.*, Civil Action No. 10-CV-03171-RPM, a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

    ***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2012, by_____.

    WITNESS my hand and official seal.

_____
Notary Public

    My commission expires:_____

00620356