IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-03171-RPM

TODD SPERRY,

  Plaintiff,
v.

JASON T. MAES, individually, and official capacity a sergeant of the Castle Rock Police Department,
GEORGE ELDER, individually, and official capacity as an officer with the Castle Rock Police Department,
TOWN OF CASTLE ROCK, COLORADO, a municipality,

Defendants.
_____

ORDER DENYING MOTIONS [DOCS. 104 AND 122]
_____

  After entry of summary judgment dismissing all claims and this civil action, the defendants filed a Motion for Attorney's Fees [Doc. 104] in the amount of $71,874.50 for legal services in the defense of George Elder pursuant to 31 U.S.C. § 1988, asserting those claims were frivolous, groundless, and without foundation.  The motion also claims that plaintiff's attorney should be responsible for fees under 28 U.S.C. § 1927 because it should have been apparent to Mr. Willett that there was no evidentiary support for the claims against Elder at various stages in the case and asks for different amounts at different stages with a minimum of $19,304.50 at the filing of the summary judgment motion.

  This Court deferred ruling on the motion because a notice of appeal was filed.

  The Tenth Circuit Court of Appeals affirmed the judgment on the basis of qualified immunity but said that Elder did not commit a constitutional violation. The mandate was received in this court on December 23, 2014.

  On December 16, 2014, the plaintiff filed a Motion to Set Aside Clerk's Entry of Bill of Costs and Accept Objection to Bill of Costs, claiming indigency of Todd Sperry and reasons for

1

not making timely objection to the Bill of Costs filed by the defendants and the Clerk's taxing of costs of $6,728.80 on August 2, 2013. [Doc. 122]. That filing did not address the motion for attorney's fees.

Being aware of some of Mr. Sperry's limitations and assuming indigency related to those limitations, this Court issued an Order to Show Cause on January 7, 2015, to determine if the defendants would agree to setting aside the costs and denying the motion for attorney's fees. [Doc. 125].

The defendants filed a Response to Show Cause on January 13, 2015, asserting that the objection to costs was untimely under Fed.R.Civ.P. 54(d)(1) and the time should not be extended under Rule 6(b) because of the delay in filing and the failure to show excusable neglect. [Doc. 126].

The response re-asserted entitlement to attorney's fees under both § 1988 and § 1927 and asked permission to file a renewed motion to recover fees for the representation of Mr. Elder in the appeal.

The plaintiff filed an "Objection" on January 15, 2015 [Doc.127].

This civil action began with the filing of the complaint on December 30, 2010, with multiple defendants on the core allegations that the Town of Castle Rock police officers mishandled the investigation of the vehicular death of Mr. Sperry's son and marked the plaintiff for retaliation because of his continued vocal criticism of the police department.  The allegations included a Social Security classification of a mental disability and because of prior incidents and his extremely emotional reaction to his son's death the police took Mr. Sperry to a mental health facility on an involuntary civil commitment in 2007.  Ultimately the retaliation was alleged to be the motivation for an arrest and the filing of charges of theft by the fraudulent use of a credit card.

Much of what was alleged became irrelevant when this Court found some of the claims

barred by the statute of limitations.  The plaintiff was permitted to file amended complaints and, finally, the case was narrowed down to the two individual officers and the Town of Castle Rock on claims of malicious prosecution under 42 U.S.C. § 1983 and a violation of the Americans with Disabilities Act.

As the defendants observed in the motion for fees, the claims against Elder were "inextricably intertwined with the defense of all other matters."  That statement was made to support the claim for attempting to separate out the time for defending Elder alone was not feasible.  That observation defeats the claim under § 1988.  Mr. Sperry's case was difficult from the beginning for the same reason that his interactions with the police were difficult for them.  Mr. Willett represented a person with emotional and perceptual abnormalities making the presentation of his claims more difficult than what is normally expected in civil rights litigation.

Because much of the conduct alleged in the original complaint occurred before December, 2008, claims based on those events were barred by the two-year statute of limitations.  Those allegations are considered now as providing context for deciding whether the two claims finally adjudicated were meritless.

Mr. Sperry was treated badly under all of the circumstances.  His motivation in filing this action and attempting to pursue some remedy within this court's jurisdiction is an understandable attempt to remedy a justifiable sense of injustice.  Mr. Willett should not be faulted for his efforts in pursuing this case.

Mr. Willett's reliance on his paralegal's error as an explanation for an untimely objection to the Bill of Costs is not excusable neglect.

Upon the foregoing, it is

ORDERED, that the Motion for Attorneys Fees [Doc. 104] is denied and it is

FURTHER ORDERED that the Motion to Set Aside Clerk's Entry of Bill of Costs and Accept Objection to Bill of Costs [Doc. 122] is denied.

DATED: June19th, 2015

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge